UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCO PEREZ,

    Petitioner,

  v.

N. KELLY,

    Respondent.

Case No. 24–cv–10503–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Marco Perez's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Amended Petition) arguing that the Bureau of Prisons (Bureau) violated the Second Chance Act (Act) by not considering him for placement in a residential reentry center (reentry center). (ECF No. 3.) He also moves to file an "unsworn" declaration (Motion). (ECF No. 7.) Respondent N. Kelly, Warden of FCI Fairton, opposes the Petition on the grounds that petitioner failed to exhaust his administrative remedies and is otherwise ineligible for reentry center placement. (ECF No. 5.) For the following reasons, I will grant the Motion and deny the Petition.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is a citizen of Mexico. (ECF No. 5–6 p. 1.) On March 29, 2022, petitioner pleaded guilty to being found in the United States after a previous deportation, 8 U.S.C. §§ 1326(a)–(b). *United States v. Perez-Ocampo*, No. 7:22–cr–00179 (S.D. Tex. Mar. 29, 2022) (ECF No. 16.) Petitioner received a 46-month sentence on June 6, 2022. *Perez-Ocampo*, No. 7:22–cr–00179 (ECF No. 24.) His projected release date from custody is April 25, 2025. (ECF No. 5 p. 7.)

On September 20, 2024, petitioner's unit team completed an Individualized Needs Plan that concluded he "was excluded from consideration for placement in a residential reentry center … because he was releasing to the custody of Immigration and Customs Enforcement." (ECF No. 5–1 ¶ 3; *see also* ECF No. 5–5 p. 4; ECF No. 5–6.) On November 13, 2024, petitioner filed a § 2241 petition asserting that the Bureau refused to process paperwork to place him into a residential reentry center and added a removal order to his file (Petition). (ECF No. 1 p. 6.) I directed the Bureau to answer the Petition on November 21, 2024. (ECF No. 2.) Petitioner filed the Amended Petition on November 25, 2024 clarifying his habeas claims. (ECF No. 3.)[1] Respondent answered on January 6, 2025. (ECF No. 5.) Petitioner submitted his Motion on January 23, 2025 seeking permission to file an unsworn declaration addressing respondent's allegation that he failed to exhaust his administrative remedies. (ECF No. 7.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

---

[1] Petitioner did not require permission to amend the Petition as parties may amend their pleading once as a matter of right. Fed. R. Civ. P. 15(a)(1).

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A *pro se* habeas petition must be construed liberally.  *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

In his Amended Petition, petitioner originally challenged the Bureau's implementation of the Act, the Bureau's failure to provide him with good time credits, and the Bureau's documentation of final orders of removal and other documents.  (ECF No. 6 p. 1.)  However, petitioner later conceded that the Bureau "correctly credit[ed] him with his earned [good time credits] … ."  (*Id.* p. 2.)  This claim is deemed abandoned.  He maintains that he "is entitled under the [Act] for CONSIDERATION of [reentry center] placement.  This is so even if he is ultimately unable under the law to actually be transferred … ."  (*Id.*)

Petitioner's concern over the Bureau's immigration documentation practices is not cognizable in a habeas corpus proceeding because it does not impact "the validity of the continued conviction or the fact or length of the sentence … ."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Therefore, I will only consider petitioner's argument that he was entitled to consideration for reentry center placement.

#### A. <u>Exhaustion of Administrative Remedies</u>

Respondent argues that the Amended Petition should be dismissed because petitioner did not exhaust the Bureau's administrative remedy program.  (ECF No. 5 p. 11; *see also* ECF No. 5–1 ¶¶ 7, 8 (declaration that petitioner did not file administrative remedies regarding Act).)  "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241."  *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).  "Exhaustion is the rule in most cases, and failure to exhaust will generally

3

preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner argues exhaustion would have been futile. (ECF No. 6 p. 2 (citing *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005).) He asserts that because "he is challenging the abuse of the [Bureau's] discretion in these matters, his efforts to exhaust available administrative remedies are completed." (*Id.*) He states in his "unsworn declaration" that he inquired

4

about filing an administrative remedy but was told it would be "'pointless' to file on this issue because" the decision was "based on the [Bureau's] interpretation of [the Act] and … its discretionary authority." (ECF No. 7.) According to petitioner, he did not take any further action because he was told that he would not be provided the necessary remedy forms. (*Id.*)

I will grant the Motion to file petitioner's unsworn declaration. (ECF No. 7.) I decline to dismiss the Amended Petition as unexhausted because there is a factual dispute as to whether Fairton staff intentionally discouraged petitioner from using the administrative remedy program. I will exercise my discretion to address the merits of the Amended Petition.

### B. <u>Residential Reentry Center Placement</u>

The Act directs the Bureau "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

"The [Bureau] exercises its authority pursuant to the [Act] to determine individual prisoner [reentry center] placements by applying the five factors set forth in" 18 U.S.C. § 3621(b). *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012); *see also* 18 U.S.C. § 3624(c)(6)(A) (instructing Bureau director to issue regulations "in a manner consistent with section 3621(b) of this title"). These factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;

>   (4) any statement by the court that imposed the sentence—
>
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>   (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The Bureau also considers "participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541." *Vasquez*, 684 F.3d at 434. My review is limited to whether the Bureau abused its discretion. *Id.* (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)).

Petitioner cannot meet his burden of demonstrating that the Bureau violated the applicable federal law. Petitioner argues that the Bureau abused its discretion by failing to consider him for reentry center placement based on his immigration detainer. (ECF No. 6 p. 2.) Petitioner's argument fails because the Bureau did conduct an individualized review of his file and concluded that reentry center placement was inappropriate. (ECF No. 5–5 p. 4.) "[T]he existence of an immigration detainer is a legitimate factor to consider in determining eligibility for custody-related programming." *Gonzalez-Lora v. Hollingsworth*, No. 13–cv–01961, 2013 WL 6230289, at *4 (D.N.J. Dec. 2, 2013), *aff'd sub nom. Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400 (3d Cir. 2015); *see also United States v. Lopez–Salas*, 266 F.3d 842, 847–48 (8th Cir. 2001).

I find that the Bureau did not abuse its discretion. The Bureau considered the relevant factors, including petitioner's status as a deportable alien, and concluded that placement would not be appropriate. "Excluding

[Immigration and Customs Enforcement] detainees from residential drug rehabilitation programs, community-based confinement, and UNICOR assignments is rationally related to legitimate [Bureau] interests in reducing the flight risk posed by prisoners facing removal and in making rehabilitative programs available only to prisoners who have a lawful right to remain in the United States." *Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 F. App'x 132, 134 (3d Cir. 2017); *see also Adeyeye v. Dep't of Homeland Sec.*, 198 F. App'x 196, 197 (3d Cir. 2006) ("We find no basis to question the regulation providing for the categorical exclusion of certain inmates as a legitimate exercise of the [Bureau's] discretion." (internal citation omitted)). Therefore, I will deny the Petition.

### IV. CONCLUSION

For the reasons stated above, I will grant the Motion to file petitioner's statement and deny the Petition. An appropriate Order accompanies this Opinion.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2025

7